UNITED STATES of America, Plaintiff–Appellee,

v.

Manuel Alejandro PATINO, Defendant–Appellant.

No. 13–50616.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2014.*

Filed Aug. 15, 2014.

Christopher Seth Askins, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ward Stafford Clay, Law Offices of Ward Stafford Clay, San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

MEMORANDUM **

Manuel Alejandro Patino appeals from the district court's judgment and challenges the 95–month sentence imposed following his guilty-plea conviction for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Patino claims that the court erred by denying his request for a minor rule re-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

duction pursuant to U.S.S.G. § 3B1.2 because (1) Patino presented sufficient evidence to justify the reduction, and (2) the court improperly relied upon hearsay statements regarding his status as a recruiter to deny the reduction. We review for clear error the district court's factual determination that a defendant is not a minor participant. *See United States v. Rodriguez–Castro*, 641 F.3d 1189, 1192 (9th Cir.2011). In light of the record, including Patino's transportation of a substantial amount of currency and methamphetamine, the court did not clearly err by denying the adjustment. *See id.* at 1193. Further, because Patino has not shown that the challenged statements regarding his status as a recruiter were false or unreliable, the district court did not err by considering them. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir.2009).

Patino next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Patino's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The below-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors, including the nature of Patino's offense. *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.